IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| YVONNE G. VENEGAS and<br>SAMMY VENEGAS, JR.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§  Civil Action No.  SA-12-CV-1123-XR<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

On this day the Court considered Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 19). For the following reasons, the Court finds that the motion should be granted.

**I. Background**

**A. Factual Background[1]**

In February of 2007, Plaintiffs obtained a mortgage loan from First Franklin Financial Corp., an Operating Subsidiary of MLB & T Co., FSB ("First Franklin") in the amount of $172,000. Plaintiffs executed both a Note and a Deed of Trust in connection with the transaction. Both the Note and the Deed of Trust define the "Lender" as First Franklin, and the Deed of Trust also defines the Lender to include "any holder of the Note who is entitled to receive payments under the Note." The Deed of Trust encumbers property located at 1222 Tweed Willow, San Antonio, Texas (the "Property").

---

[1] The following factual background summary is predicated on factual allegations contained in Plaintiffs' amended complaint and on documents that are incorporated into the amended complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that courts ordinarily examine documents incorporated into the complaint by reference when ruling on Rule 12(b)(6) motions to dismiss).

Two assignments of the mortgage loan have been recorded.

The first assignment purported to transfer the Deed of Trust "together with the note(s)" from MERS, as nominee for First Franklin, to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-2 ("LaSalle"). The assignment document was executed by Krystal Hall, "Assistant Secretary for Assignments," on behalf of MERS. The assignment document was executed on January 29, 2009 and recorded on February 5, 2009.

The second assignment purported to transfer "all beneficial interest" under the Deed of Trust "together with the Note" from Bank of America, N.A., as successor by merger to LaSalle, to Defendant U.S. Bank, National Association. The assignment was executed by Melanie Cowan, "Vice President," on behalf of Bank of America. The assignment was executed on October 10, 2012 and recorded on October 11, 2012.

A piece of paper on which two indorsements have been made is affixed to the Note. One of the indorsements was made by Tam Le, "Post Closer," on behalf of First Franklin and specified that the Note was payable to "First Franklin Financial Corporation." The other indorsement is an indorsement in blank that was made by Tam Le, "Post Closer," on behalf of First Franklin Financial Corporation. It appears undisputed that Defendant is currently in possession of the Note.

Although not explicitly stated, Plaintiffs appear to concede that at some point they defaulted on their payment obligations under the mortgage loan. As a result, it appears that Defendant sought to foreclose on the Property pursuant to the terms of the Deed of Trust and that a foreclosure sale of the Property was scheduled for November 6, 2012.

The essence of Plaintiffs' case is the allegation that Defendant does not have authority to foreclose because it is not the holder of the Note and because it has not been validly assigned the Deed of Trust.

**B. Procedural Background**

Plaintiffs filed their original petition in state court on November 5, 2012 seeking to enjoin the foreclosure sale and the state court issued a temporary restraining order enjoining the sale. Defendant timely removed the action to this Court based on diversity.

Plaintiffs subsequently filed an amended complaint, which remains the live pleading. In their amended complaint, Plaintiffs assert causes of action for quiet title, violation of the Uniform Commercial Code ("U.C.C."), violation of Chapter 12 of the Texas Civil Practice and Remedies Code, breach of contract and declaratory judgment. Plaintiffs seek injunctive and declaratory relief and, in connection with their Chapter 12 claim, $10,000 and mental anguish damages.

Defendant responded to the amended complaint by filing a motion to dismiss the amended complaint for failure to state a claim. Defendant contends that it has the right to conduct the foreclosure sale as a matter of law and that all of Plaintiffs' causes of action fail to state plausible claims to relief. Plaintiffs filed a Response to the Motion to Dismiss and Defendant filed a Reply.

## II. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.

## III. Discussion

### A. Claim to Quiet Title

"The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). To prevail on a claim to quiet title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the

4

claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st. Dist.] Dec. 30, 2011, no pet.).

Here, the first two elements are satisfied because it is undisputed that Plaintiffs purchased the Property, thereby obtaining an interest in the Property, and that Defendant's attempt to foreclose affects Plaintiffs' title. However, Plaintiffs have not satisfied the third element because, as the Court will explain, Plaintiffs have failed to assert any factual allegations or viable legal arguments to suggest that Defendant's attempt to foreclose is invalid or unenforceable.

Plaintiffs contend that Defendant does not have authority to foreclose because 1) Defendant is not the holder of the Note, and 2) Defendant has not been validly assigned the Deed of Trust. The Court will address each argument in turn.

**1. Whether Defendant Holds the Note**

Under Texas law, a holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." TEX. BUS. & COM.CODE § 1.201(b)(21)(A). "A person can become the holder of an instrument when the instrument is issued to that person, or he can become a holder by negotiation." *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 84 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing TEX. BUS. & COM. CODE § 3.201 cmt. 1). When the instrument is payable to an identified entity, "negotiation requires transfer of possession of the instrument and its indorsement by the holder." *Id.* (quoting TEX. BUS. & COM. CODE § 3.201(b)). An instrument is payable to bearer when it is indorsed in blank. TEX. BUS. & COM. CODE § 3.205(b).

Here, an agent of the original holder, First Franklin, indorsed the Note to First Franklin Financial Corporation and Plaintiffs do not dispute that First Franklin Financial Corporation took possession of the Note, thereby becoming the holder. An agent of First Franklin Financial Corporation indorsed the Note in blank. Plaintiffs do not dispute that Defendant is currently in possession of the Note.[2] Accordingly, the indorsements on the Note suggest that Defendant is the current holder. As holder of the Note, Defendant has authority to foreclose pursuant to the terms of the Deed of Trust.

A court must presume that an indorsement is authentic unless its authenticity is specifically denied in the pleadings. *See* TEX. BUS. & COM. CODE § 3.308(a) ("[T]he authenticity of, and authority to make, each signature on the instrument are admitted unless specifically denied in the pleadings."). While Plaintiffs' amended complaint does make cursory references to the indorsements on the Note, Plaintiffs never allege that the indorsements are not authentic or unauthorized. In their amended complaint, Plaintiffs request that the Court determine whether Defendant "ha[s] a proper endorsement of the Note the subject of this suit."[3] This statement does not constitute a specific denial of the authenticity of either indorsement; rather, Plaintiffs are simply posing a question to the Court. Plaintiffs' amended complaint also asserts that "the assignment of the deed of trust and/or endorsement of the note was procured by fraud or illegal reasons . . . ."[4] Plaintiffs' use of the term "or" suggests that Plaintiffs might not be alleging that either indorsement was "procured by fraud or illegal reasons." Plaintiffs' statement is also vague and conclusory, and therefore insufficient to support a cause of action, because Plaintiffs do not

---

[2] To the contrary, in their Response, Plaintiffs appear to concede that Defendant is in possession of the Note. Plaintiffs contend that Defendant must "trace how [it] came into possession of the note" (Resp. ¶ 15) and also contend that "[s]imple possession of the note without transfer by endorsement is not enough [to demonstrate holder status]" (Resp. ¶ 13).
[3] Am. Compl. ¶ 13.
[4] Am. Compl. ¶ 13.

specify the indorsement to which they are referring and do not advance any specific factual allegations to support their assertion. In their Response, Plaintiffs argue that "[t]he endorsement stamp . . . is on a separate piece of paper and is not even on an 'allonge[.]'"[5] However, contrary to Plaintiffs' contention, the indorsements are not on a "separate piece of paper"; rather, the indorsements are on a piece of paper that is affixed to the Note.[6] If Plaintiffs are suggesting that the indorsements are not valid because they are not on a paper titled "allonge," the argument is without merit because the U.C.C. does not impose such a requirement. *See* TEX. BUS. & COM. CODE § 3.204(a) ("For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument."). Thus, Plaintiffs' statements concerning the indorsements are therefore insufficient to plausibly impugn their validity.

Accordingly, because the indorsements on the Note demonstrate, and no factual allegations controvert, that Defendant has become the holder of the Note through negotiation, the Court cannot draw the reasonable inference that Defendant's claim to the Property is invalid or unenforceable. Plaintiffs have therefore failed to state a plausible claim to quiet title and their cause of action must be dismissed.

**2. Whether Defendant Has Been Validly Assigned the Deed of Trust**

In this case, the issue of whether the assignments of the Deed of Trust are valid is moot because, as the Court has just explained, the record shows that Defendant has become the holder of the Note through negotiation. As the holder of the Note, Defendant is entitled to foreclose because, as Plaintiffs concede, the express terms of the Deed of Trust permit the "Lender" to foreclose and the Lender is defined in part as "any holder of the Note." Furthermore, whether

---

[5] Resp. ¶ 5.
[6] Defendant attached a copy of the Note to the Motion to Dismiss (Doc. No. 19, Ex. A) and Plaintiffs attached a copy of the Note to their Response (Doc. No. 21, Ex. 4). In both attachments, the indorsements are on a piece of paper that is affixed to the Note.

Defendant was validly assigned the Deed of Trust is irrelevant in this case because, under Texas law, "the mortgage follows the note." *Kiggundu v. Mortgage Electronic Registration Systems Inc.*, 469 F. App'x 330, 332 (5th Cir. 2012) (per curiam) (citing *Lawson v. Gibbs*, 591 S.W.2d 292, 294 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (holding that the defendant was not required to show that the deed of trust had been assigned to it because the defendant was in possession of the note and the note was indorsed in blank).

However, even if the validity of the assignments were relevant in this case, Plaintiffs' amended complaint would still fail to state a plausible claim to quiet title because Plaintiffs' challenges to the assignments fail as a matter of law. Throughout their amended complaint, Plaintiffs make several sporadic references to the assignment documents. Plaintiffs assert that both Krystal Hall and Melanie Cowan, the listed signatories on the assignment documents, are employees of "one of the various 'document mills' located around the country who are hired for the sole purpose of creating documents that fraudulently give the appearance of chain of title to the note and deed of trust."[7] Plaintiffs assert that the assignments are "fraudulent" because Krystal Hall and Melanie Cowan "signed in a capacity which [they] did not hold or have authority to sign under" and because the documents were "filed for the express purpose of closing an [sic] link in the chain of title so that Defendants [sic] could proceed to foreclose."[8] Plaintiffs further assert that both assignment documents "may" themselves "be fake, fraudulent and void" because the signatures on the documents "may not" actually be the signatures of Krystal Hall and Melanie Cowan.[9] In light of these assertions, Plaintiffs appear to be asserting that the assignments are invalid for three distinct reasons: 1) that Krystal Hall and Melanie

---

[7] Am. Compl. ¶ 4.
[8] Am. Compl. ¶ 18.
[9] Am. Compl. ¶ 18.

Cowan were not authorized to execute the assignments; 2) that the assignment documents were created to close a gap in the chain of title; and 3) that the assignment documents "may" be fake because the signatures on the documents "may not" actually be those of the listed signatories.

Defendant argues that Plaintiffs lack standing to challenge the validity of the assignments because Plaintiffs were not parties to the assignments. However, this Court has rejected the argument that a plaintiff never has standing to challenge an assignment of a mortgage. Rather, this Court has found that a plaintiff-mortgagor may have standing to challenge an assignment of a mortgage depending on the nature of the challenge asserted.[10] Specifically, this Court has recognized that Texas law permits a debtor to challenge an assignment on a ground that renders the assignment void or invalid, but a debtor may not challenge an assignment on a ground that renders the assignment merely voidable. *See Routh v. Bank of America*, No. SA-12-CV-244-XR, 2013 WL 427393 (W.D. Tex. Feb. 4, 2013); *Glass v. Carpenter*, 330 S.W.2d 530 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.).[11] Accordingly, whether Plaintiffs have standing to challenge the assignments in this case depends on the nature of Plaintiffs' individual challenges to the assignments.

Under Texas law, a forged deed is void. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 601 (Tex. App.—Houston [14th Dist.] 1994, writ denied). A deed procured by fraud, however, is voidable only at the election of the grantor and is valid until there has been a

---

[10] Several other district courts have reached the same conclusion. *See, e.g.*, *Tyler v. Bank of America, N.A.*, No. SA-12-CV-909-DAE, 2013 WL 1821754 (W.D. Tex. Apr. 29, 2013); *Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2013 WL 1091272 (N.D. Tex. Mar. 15, 2013); *Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825 (S.D. Tex. 2012).

[11] As the Texas Court of Civil Appeals explained in *Glass*:
> The law is settled that the obligors of a claim may defend a suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice.

330 S.W.2d at 537.

9

successful suit to set it aside. *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). At common law, forgery was defined as "the making or altering of a written instrument purporting to be the act of another." *Id.* at 925-26 (internal quotation marks omitted). In light of this definition, the Texas Supreme Court has held that "one who signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be that of another." *Id.* at 926. "The rule is also clear that one who signs his true name, purporting to act as the agent of another, has not committed a forgery." *Id.* Thus, although an agent who executes a document without authority may be culpable of fraud because he has induced confidence in an agency that does not exist, the agent has not committed a forgery, and the document is not void, if he has executed the document purporting on its face to be executed by him as an agent. *Id.*

Here, Plaintiffs' allegation that Krystal Hall and Melanie Cowan lacked authority to execute the assignment documents, if true, would suggest that the assignments are merely voidable. Accordingly, the allegation cannot support Plaintiffs' claim to quiet title because Plaintiffs do not have standing to challenge the assignments on that ground. Plaintiffs' allegation that the assignment documents were created to close a title gap cannot support Plaintiffs' claim to quiet title because, even if the allegation were true, it would not necessarily imply that the assignment documents were void or invalid. Finally, Plaintiffs' allegations that the assignment documents "may" be fake and that the signatures on the documents "may not" be those of Krystal Hall and Melanie Cowan are insufficient to support a cause of action because the allegations are merely speculative. *See Twombly*, 550 U.S. at 555 (holding that factual

allegations in the complaint "must be enough to raise a right to relief above the speculative level").

Accordingly, Plaintiffs' challenges to the assignments do not permit the Court to draw the reasonable inference that the assignments are invalid. Plaintiffs' argument that Defendant does not have authority to foreclose because it has not been validly assigned the Deed of Trust is therefore unable to support Plaintiffs' cause of action to quiet title.

**B. Violation of the U.C.C.**

In their amended complaint, Plaintiffs assert that Defendant is not the holder of the Note because it cannot prove the elements of holder status and also assert that Defendant has no right to enforce the Note "due to the fraud and illegal acts of transferring the note and deed of trust."[12] Plaintiffs cite sections 3.203, 3.301, 3.309, and 3.418(d) of the Texas Business and Commerce Code in support of their assertions.

The Court has already considered the issue of whether Defendant is the holder of the Note and, as described above, found that the indorsements on the Note show that Defendant has become the holder of the Note through negotiation. Plaintiffs have not alleged any facts that allow the Court to draw the reasonable inference that Defendant is not entitled to enforce the Note as its holder for any reason.

Furthermore, regardless of the indorsements on the Note, in this case Defendant would still be entitled to enforce the Note as its *owner* because there is a complete chain of assignments of the Note from the original holder to Defendant and, as described above, Plaintiffs have not alleged sufficient facts to impugn the validity of the assignments. *See* TEX. BUS. & COM. CODE § 3.203 cmt. 2 ("If the transferee is not a holder because the transferor did not indorse, the

---

[12] Am. Compl. ¶¶ 14-16.

transferee is nevertheless a person entitled to enforce the instrument . . . if the transferor was a holder at the time of transfer."); *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("[E]ven if a person is not the holder of a note, he may still be able to prove that he is the owner and entitled to enforce the note, foreclose on collateral and obtain a deficiency judgment under common-law principles of assignment."). Accordingly, Plaintiffs have failed to plead a viable cause of action under the U.C.C.

**C. Violation of the Texas Civil Practice and Remedies Code**

Plaintiffs assert a cause of action under Chapter 12 of the Texas Civil Practice and Remedies Code. Section 12.002(a) of the Texas Civil Practice and Remedies Code provides:

(a) A person may not make, present, or use a document or other record with:

> (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

> (3) intent to cause another person to suffer:

>> (A) physical injury;

>> (B) financial injury; or

>> (C) mental anguish or emotional distress.

"The party asserting a claim under section 12.002 has the burden to prove the requisite elements of the statute." *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.).

In support of their Chapter 12 claim, Plaintiffs allege that Defendant "caused" both assignment documents to be filed "through its agent Krystal Hall" and "through its agent Melanie Cowan."[13] Plaintiffs contend that the assignment documents are "fraudulent" because Krystal Hall and Melanie Cowan "signed in a capacity which [they] did not hold or have authority to sign under" and because the assignment documents were "filed for the express purpose of closing an [sic] link in the chain of title so that Defendants [sic] could proceed to foreclose."[14] Plaintiffs also contend that the assignment documents "may" themselves be "fake, fraudulent and void" because the signatures on the documents "may not" actually be those of Krystal Hall and Melanie Cowan.[15]

Defendant, relying on *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805 (W.D. Tex. 2012), contends that Plaintiffs' Chapter 12 claim is not viable because an assignment does not "create a lien or claim" and therefore does not fall within the purview of section 12.002. However, Defendant's argument has recently been rejected by at least two district courts in this Division, including this Court. *See Howard v. JPMorgan Chase NA*, No. SA-12-CV-440-DAE, 2013 WL 1694659, at *12 (W.D. Tex. Apr. 18, 2013); *Martinez v. Wells Fargo Bank, N.A.*, No. SA-12-CV-789-XR, 2013 WL 1562759, at *7 (W.D. Tex. Apr. 12, 2013).

Nonetheless, the Court finds that Plaintiffs have failed to state a claim under Chapter 12 for at least two reasons. First, Plaintiffs have failed to affirmatively allege that the assignment documents themselves are fraudulent. Rather, Plaintiffs have merely alleged that the documents "may" themselves be fraudulent, and Plaintiffs' speculative language is insufficient to support a cause of action. To the extent that Plaintiffs are contending that the assignment documents can

---

[13] Am. Compl. ¶ 18.
[14] Am. Compl. ¶ 18.
[15] Am. Compl. ¶ 18.

support liability under Chapter 12 because the documents were signed by unauthorized agents, Plaintiffs' argument fails because the plain language of section 12.002 does not encompass a document that was signed by an unauthorized individual but that is itself still valid. Second, Plaintiffs have failed to allege sufficient facts to show that Defendant filed the assignment documents with intent to cause another person to suffer physical injury, financial injury, mental anguish or emotional distress. Plaintiffs' allegation that Defendant filed the assignment documents to close a gap in the chain of title so that Defendant could foreclose is conclusory and, even if true, does not necessarily imply that Defendant intended to cause any individual to suffer an injury, anguish or distress. At one point in their amended complaint Plaintiffs also state that Defendant violated Chapter 12 "with the intent to cause Plaintiffs to suffer (1) Financial Injury [and] (2) Mental Anguish or Emotional Distress."[16] However, this statement is likewise conclusory and merely parrots back the language of the statute. Plaintiffs' conclusory statements are insufficient to establish a plausible claim to relief. *See Twombly*, 550 U.S. at 544 (holding that to survive a motion to dismiss, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). This Court's holding that Plaintiffs have failed to state a claim under Chapter 12 is also in accord with recent jurisprudence in this Division. *See Scott v. Bank of America, N.A.*, No. SA-12-CV-917-DAE, 2013 WL 1821874, at *9 (W.D. Tex. Apr. 29, 2013) (dismissing the plaintiff's chapter 12 claim where the plaintiff had alleged that the assignment of the Deed of Trust was executed by a "robosigner" and that the document "may itself [have been] fake, fraudulent and void"); *Tyler v. Bank of America, N.A.*, No. SA-12-CV-909-DAE, 2013 WL 1821754 (W.D. Tex. Apr. 29, 2013)

---

[16] Am. Compl. ¶ 18.

(dismissing the plaintiffs' chapter 12 claim where the plaintiffs had alleged that the assignment of the Deed of Trust was executed by an unauthorized individual).

**D. Breach of Contract**

With regard to their cause of action for breach of contract, Plaintiffs assert the following:

> This cause of action is pled in the alternative and is only upon proof that the Defendant is the holder. Plaintiffs would assert that under the note that upon payment of the note [sic] that the Plaintiffs are entitled to proper credit for all payments received via insurance or credit default swaps. Plaintiffs would assert that Defendant has been paid in [sic] by multiple insurance policies and credit default swaps, such that, in the event that Defendant is the holder that Defendant is not entitled to foreclose but Plaintiffs are entitled to credit for all payments received against the debt due on the note. Plaintiffs assert that they are entitled to specific performance.[17]

Defendant alleges that Plaintiffs have failed to state a claim for breach of contract because they have not alleged that they performed under the Note and because they have not alleged any breach by Defendant.

Under Texas law, "[t]he elements in a claim for breach of contract are: (1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.). "It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam) (internal quotation marks omitted)). Similarly, "[a]n essential element in obtaining the equitable remedy of specific performance is that the party seeking such relief must plead and prove he was ready, willing, and able to timely perform his obligations under the contract." *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593 (Tex. 2008).

---

[17] Am. Compl. ¶ 20.

Here, Plaintiffs have failed to state a plausible claim for breach of contract because they have failed to allege that they tendered payment, or that they were ready, willing, and able to timely tender payment, under the terms of the Note. Although Plaintiffs make vague references to "payments received via insurance or credit default swaps," Plaintiffs do not allege enough facts to demonstrate that the payments would have been sufficient to constitute performance.

**E. Declaratory Judgment**

Plaintiffs purport to assert a cause of action for declaratory judgment under the Texas Uniform Declaratory Judgments Act, codified at Chapter 37 of the Texas Civil Practice and Remedies Code.[18] The Fifth Circuit has held that when a complaint purports to assert an independent cause of action for declaratory judgment alongside another cause of action, the request for declaratory judgment should be construed as a theory of recovery predicated upon the accompanying claim. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). Accordingly, district courts dismiss requests for declaratory relief when the plaintiff's pleaded causes of action fail to survive a motion to dismiss. *See, e.g.*, *Scott v. Bank of America*, 2013 WL 1821874, at *9; *Amaro v. U.S. Bank Nat. Ass'n*, No. 3:12-CV-3776-B, 2013 WL 1187284, at *4 (N.D. Tex. Mar. 22, 2013); *Marsh v. JPMorgan Chase*, 888 F.Supp.2d at 815. Here, dismissal of Plaintiffs' request for declaratory judgment is appropriate because the causes of action asserted in Plaintiffs' amended complaint have not survived Defendant's Motion to Dismiss.

---

[18] The Court notes that the Texas Uniform Declaratory Judgments Act is procedural and therefore inapplicable in federal court. *See Bloss v. Moore*, 269 F. App'x 446, 449 (5th Cir. 2008) (citing *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 413 (5th Cir. 2006)). However, federal district courts have held that when a declaratory judgment action filed in state court is removed to federal court, the action should be construed as having been brought under the Federal Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201-2202. *See White v. Wells Fargo Bank, N.A.*, No. 4:12-CV-1443, 2013 WL 618815, at *2 (S.D. Tex. Feb. 19, 2013); *Redwood Resort Props., LLC v. Holmes Co.*, No. 3:06-CV-1022-D, 2007 WL 1266060, at *4 (N.D. Tex. Apr. 30, 2007).

**F. Request for Injunctive Relief**

Plaintiffs' request for an injunction enjoining Defendant from foreclosing on the Property must be dismissed because their request is not supported by a viable underlying cause of action. *See Denman v. Wells Fargo Bank, N.A.*, No. SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013); *see also Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011) (listing the elements a plaintiff must establish to secure a preliminary injunction, which include, *inter alia*, a showing that there is "a substantial likelihood of success on the merits" of an underlying claim); *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

### IV. Conclusion

As a result of the foregoing, Defendant's Motion to Dismiss (Doc. No. 19) is GRANTED.

The Clerk is directed to close this case and enter judgment that Plaintiffs recover nothing. Defendant is awarded its costs of court and must file a Bill of Costs in the appropriate form within fourteen days of the entry of judgment.

It is so ORDERED.

SIGNED this 9th day of May, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE