IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| YVONNE G. VENEGAS and<br>SAMMY VENEGAS, JR.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. BANK, NATIONAL ASSOCIATION,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.  SA-12-CV-1123-XR |

**ORDER**

On this day the Court considered Plaintiffs' Motion for New Trial and for Rehearing (Doc. No. 26). Because Plaintiffs' motion asks the Court to reconsider its ruling on Defendant's motion to dismiss and was filed within twenty-eight days after the entry of final judgment, the Court will construe Plaintiffs' motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (explaining that a motion asking the court to reconsider a prior ruling is evaluated as a motion to alter or amend judgment under Rule 59(e) if the motion was filed within twenty-eight days after the entry of judgment).

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (internal quotation marks omitted). To be entitled to relief under Rule 59(e), a movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e)

1

is also appropriate when there has been an intervening change in the controlling law." *Id.* A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Here, Plaintiffs have failed to identify a manifest error of law or fact or present newly discovered evidence demonstrating that the judgment that was entered in this case is incorrect. Nor have Plaintiffs shown that relief under Rule 59(e) is appropriate because of a change in controlling case law. To the contrary, two recent Fifth Circuit opinions corroborate this Court's entry of judgment in favor of Defendant. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, --- F.3d ---, 2013 WL 3480207 (5th Cir. July 11, 2013); *Martins v. BAC Home Loans Servicing, L.P.*, --- F.3d ---, 2013 WL 3213633 (5th Cir. June 26, 2013).

Accordingly, Plaintiffs' Motion for New Trial and for Rehearing (Doc. No. 26) is DENIED.

SIGNED this 7th day of August, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE